206 N.J. Super. 294 (1985)
502 A.2d 106
HECTOR G. ARROYO AND DEBORAH A. ARROYO, PLAINTIFFS,
v.
ARNOLD-BAKER & ASSOCIATES, INC., JERRY F. ARNOLD, NORMAN BAKER, MARGRET BRESLIN, WALTER G. FLEGAL, JR., DOROTHY I. FLEGAL, AND HUMPHREYS EXTERMINATING COMPANY, INC., INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey Law Division, Burlington County.
Decided January 8, 1985.
*295 Howard J. Batt for plaintiffs.
Joseph M. Suarez for defendants Arnold-Baker & Associates, Jerry Arnold, Norman Baker, and Margret Breslin (Suarez & Suarez, attorneys).
Joseph I. McCullough, Jr. for defendants Walter and Dorothy Flegal.
HAINES, A.J.S.C.
This opinion addresses the question of whether real estate brokers and their employees are subject to the provisions of the Consumer Fraud Act. N.J.S.A. 56:8-1 et seq. The defendants, relying upon Neveroski v. Blair, 141 N.J. Super. 365 (App.Div. 1976), claim that they are not subject to these provisions and move for summary judgment dismissing the complaint. This opinion holds that Neveroski is no longer the law of this State with respect to the issue here presented and that real estate brokers, agents and salespersons are subject to the Consumer Fraud Act [hereinafter "Act"].
Neveroski explained the history of the Act as follows:
When the Consumer Fraud Act was first adopted in 1960 "merchandise" was defined in § 1 as "any objects, wares, goods, commodities or services." L. 1960, c. 39, § 1(c). In 1967 a bill was introduced expanding the definition of *296 "merchandise" to include "any objects, wares, goods, commodities, real estate, securities, services or anything offered directly or indirectly to the public for sale." Assembly Bill 715, introduced March 13, 1967. Prior to passage of this bill however it was amended by deleting the words "real estate, securities" and was finally adopted in that deleted form. The legislation has remained unchanged in any relevant respect through the period involved in this litigation until the adoption of a recent amendment on Jnuary 19, 1976.
In a footnote, the Court said:
We note that on January 19, 1976, § 2 of the Consumer Fraud Act was further amended to provide that the use of any of the prohibited tactics "in connection with the sale or advertisement of any merchandise or real estate" shall constitute an unlawful practice bringing into play the statutory penalties. (Emphasis supplied) The Statement annexed to the bill reads:
This bill, which could be called the Truth in Real Estate Advertising Act, would correct the present omission of "real estate" from coverage under current statutes which provide effective procedures and penalties against misleading, deceptive or fraudulent advertising.
However, in a statement issued in conjunction with his signature on the bill, the Governor pointed out that the recent amendment was adopted not to change the law but only to clarify it by incorporating the term "real estate." He asserted that real estate was included in the legislation as it existed prior to this statement.
We do not consider this statement or the sponsor's statement as significant or persuasive on the question of the interpretation of the act prior to said amendment. Nor do we express any opinion as to the construction of the act as amended. [at 377.]
Neveroski involved a sale that took place on December 1, 1972, and therefore was not subject to the 1976 amendment. It was for this reason that the court expressed no "opinion as to the construction of the Act as amended." Id. at 377, n. 3. Interpreting the pre-1976 Act as inapplicable to brokers of real estate, the court said:
A real estate broker is in a far different category from the purveyors of products or services or other activities. He is in a semi-professional status subject to testing, licensing, regulations and penalties through other legislative provisions. Although not on the same plane as other professionals such as lawyers, physicians, dentists, accountants or engineers, the nature of his activity is recognized as something beyond the ordinary commercial seller of goods or services  an activity beyond the pale of the act under consideration. [at 379; citation omitted.]
This analysis is no longer appropriate. The 1976 amendment, adding "the sale or advertisement of ... real estate" to the *297 provisions of N.J.S.A. 56:8-2, requires an opposite conclusion. The amendment is clear in its language and therefore is not subject to interpretation. Watt v. Watt v. Bor. of Franklin, 21 N.J. 274, 277 (1956). It brings real estate brokers, agents and salespersons within the coverage of the Act.
Defendants' alternative argument that the Act applies only to sellers of real estate and not to brokers, agents, or salespersons is a reading of its language which is unnecessarily narrow and contrary to the history of the 1976 amendment. The release from the Office of the Governor concerning the amendment stated that it was designed to "strengthen and clarify the State's consumer fraud laws." It went on to state:
One bill, A. 1034 [N.J.S.A. 56:8-2], sponsored by Assemblyman Byron M. Baer, D-Bergen, makes it clear that real estate is covered by the law which prohibits and provides penalties for misleading, deceptive or fraudulent advertising.
....
Baer said his bill will increase the protection of home owners and tenants by extending to real estate the broad and strong provisions of the consumer fraud law.
"This gives jurisdiction over real estate fraud to the Division of Consumer Affairs so that disputes will no longer be decided by a board composed of real estate professionals," he said.
Previously, he pointed out, complaints concerning real estate have been heard by the State Real Estate Commission.
It must be concluded that the Consumer Fraud Act, since 1976, subjects real estate brokers, agents and salespersons to its provisions. Consequently, the defendant's motion for summary judgment must be denied.